IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL M. COHN, | ) | CASE NO. 1:08 CV 1431 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| AVI FOODSYSTEMS, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants, AVI Foodsystems, Inc., ("AVI"), John A. Payiavlas, William Parker, and Patrice A. Kouvas' Motion to Dismiss Or, In the Alternative, To Stay Proceedings And Compel Arbitration. (ECF #6). Plaintiff filed a brief in opposition (ECF #11), and Defendants filed a reply (ECF #13). The matter is now fully briefed and ready for ruling. After a thorough review of all of the briefs, supporting documents (including the contracts at issue), and relevant law, the Court finds that the Defendants' Motion is not well-taken, and it is, therefore, DENIED.

## **FACTS**

The relevant facts are not in dispute. On June 3, 2005, Plaintiff Daniel M. Cohn signed a

written agreement ("Asset Purchase Agreement") transferring the assets of North Coast Mobile

Technology Corp. d/b/a Five Star Vending ("North Coast"), his food vending, office coffee

service, and event catering business, to AVI.  Mr. Cohn signed the agreement in both his

individual capacity, and in his capacity as President of North Coast.  This agreement contained a

broad arbitration clause providing as follows.

> Any claim or controversy arising out of or relating to this Agreement or any
> agreement made pursuant hereto or emanating herefrom shall be settled by
> binding arbitration in Warren, Ohio.  The arbitration shall not involve the
> American Arbitration Association, but shall be conducted according to its rules
> for commercial arbitration.  The arbitrator shall be chosen by the mutual
> agreement of Purchaser and Seller.  If they are unable to agree, the arbitrator shall
> be chosen by a judge of the court of Common Pleas for Trumbull County, Ohio
> from a list of three (3) candidates chosen by Purchaser and three (3) candidates
> chosen by the Seller.  The arbitrator's decision will be enforceable by, and
> judgment upon the arbitrator's award may be entered in, any court having
> jurisdiction thereof.  The costs of arbitration shall be equally divided between the
> parties.

(Asset Purchase Agreement, Section 24.)  The Agreement also included a clause addressing the

employment relationship that is the basis of the current litigation.  Section 7 of the Asset

Purchase Agreement states that "each of the Individual Parties [including Mr. Cohn] shall be

employed by Purchaser [AVI] under terms and conditions acceptable to Purchaser, including but

not limited to, the terms and conditions of the employee agreement (the "Employee Agreement")

annexed hereto as Exhibit D.  The Employee Agreement contains no specific terms of

employment and creates no obligations on the part of AVI.  This Agreement memorializes an at-

will employment relationship, is signed only by Mr. Cohn (and witnesses to his signature), and is

essentially nothing more than a non-compete and confidentiality agreement.    There is no

mention of arbitration within the Employee Agreement, itself.

-2-

Between two and four months after the Asset Purchase Agreement and Employee

Agreement were signed, Mr. Cohn and Mr. Parker (on behalf of AVI) executed a written

employment contract setting forth a specific term of employment, position, compensation, and

benefits package.[1]  Section 16 of this Employment Contract contained the following language:

> (a)     All terms of Section 7 of the Agreement for Purchase and Sale of Assets
>         (the "Purchase Agreement"), and the Employee Agreement annexed
>         thereto as Exhibit D (the "Employee Agreement"), executed by you on
>         June 3, 2005, shall be made part hereof as though written in full in the text
>         of this Memorandum.  To the extent any provision of this Memorandum,
>         Section 7 of the Purchase Agreement or the Employee Agreement conflict,
>         you agree that the provision containing the most restrictive covenant, as
>         solely determined by AVI, shall control.
>
> (b)     In all other respects, the terms and conditions of your employment with
>         AVI shall be governed by standard AVI policies.

There is no mention of arbitration anywhere in the Employment Contract.

## ANALYSIS

The Federal Arbitration Act ("FAA"), and the courts applying it, recognize that a written

arbitration agreement is a contract, and, as such, is subject to the laws which govern the

enforcement of contracts generally.  *See, e.g., Greentree Financial Corp. v. Randolph,* 531 U.S.

79, 90 (2000); *Doctor's Associates, Inc. V. Casarotto*, 517 U.S. 681, 685 (1996)(citing *Perry v.*

*Thomas*, 482 U.S.483, 493, n.9 (1987)); 9 U.S.C. §2.  Federal law favors the enforcement of

valid arbitration agreements, but does not elevate them over other contracts.  *Id.*   When

determining whether to enforce an arbitration clause, a court must answer two questions: (1)

whether there is an agreement to arbitrate and (2) whether the claims at issue are covered by the

---

[1]

  The Contract is dated August 11, 2005, but Mr. Cohn's signature is dated September 23,
2005.  There is no date following Mr. Parker's signature.

arbitration agreement.  *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).  The Court must, therefore, determine which agreement(s) provides the basis for the Plaintiff's claims, and whether or not the arbitration clause is enforceable with regard to that agreement.

There is no question that Mr. Cohn is bound by the arbitration clause in the Asset Purchase Agreement.  He signed the agreement in his individual capacity, and under the plain language of the agreement, individual parties are as bound by the terms of the agreement as are the business entities.[2]  The Asset Purchase Agreement required AVI to employ Mr. Cohn under the terms set forth in the Employment Agreement.  (See Section 7.3).   There is also no question that the Employment Agreement, which was attached to the Asset Purchase Agreement, is subject to the arbitration clause.  The arbitration clause applies to any claim or controversy arising out of or relating to the Asset Purchase Agreement or any agreement made pursuant to or emanating from that agreement. The Employment Agreement is specifically discussed in the Asset Purchase Agreement and is made a condition precedent to its enforcement.  (See Section 7.3 of the Asset Purchase Agreement).   The Employment Agreement, therefore, was made pursuant to Asset Purchase Agreement, and it's enforcement is subject to the arbitration clause.

The claims at issue in this case, however, do not arise from the Employment Agreement.  The Employment Agreement contains no terms that are binding on AVI.  AVI never even signed this agreement.  Rather, as a condition for accepting employment at AVI, Mr. Cohn signed the agreement which sets forth several detailed non-compete and confidentiality provisions.  The

---

[2]

  For example, see Section 6 of the Asset Purchase Agreement which states: "The Individual Parties jointly and severally as prime obligors make all promises, agreements, commitments, indemnities, warranties and representations made by Seller herein or in any agreement made pursuant hereto or emanating herefrom."  See also, the definition of "Parties," as "Seller, Purchaser and the Individual Parties."

only obligation AVI had to Mr. Cohn under the Asset Purchase Agreement or the Employee

Agreement, was to employ him on an at-will basis in a management capacity, and to compensate

him in accordance with Company policies.   Mr. Cohn has made no claim that these conditions

were not met.  Under these agreements, between June 3, 2005 and September 23, 2005, Mr. Cohn

was employed and was promoted within the company.  (See, Complaint ¶ 10,11).

When Mr. Cohn was promoted, he entered into an Employment Contract with AVI,

converting his employment from at-will to contract based.  The claims in Mr. Cohn's Complaint

are based on events occurring subsequent to this conversion.  (See, Complaint ¶12).  The

Employment Contract, therefore, provides the contractual basis for his claims.

The Employment Contract was not based on the obligations set forth in the Asset

Purchase Agreement or the Employee Agreement.  It was a complete restructuring of the

employment relationship, changing from an at-will relationship to a contract based relationship.

It went beyond the obligations established in the Asset Purchase Agreement or the Employment

Agreement, and stemmed at least in part from the Plaintiffs performance subsequent to the

execution of those Agreements.  As such, the Employment Contract superceded the Asset

Purchase Agreement and the Employment Agreement, even though the parties opted to include

some of the terms previously employed in those agreements.

The Employment Contract contains no arbitration agreement.  It specifically incorporates

only Section 7 of the Asset Purchase Agreement (a non-competition clause), and the Employee

Agreement (another non-competition agreement).  There is no language in either of these

incorporated sections/agreements that make any reference whatsoever to arbitration.    The

Employment Contract also specifically states that "in all other respects" the terms and conditions

shall be governed by standard AVI policies.  (See, Section 16(b)).  There has been no claim by either party that the standard AVI employment policies include an agreement to arbitrate employment related claims.  There is no evidence of an arbitration agreement that addresses the specific claims raised by Plaintiff in this lawsuit.  Therefore, the Defendants' Motion to Dismiss or In the Alternative to Stay Proceedings and Compel Arbitration, is hereby DENIED.


                                                            S/Donald C. Nugent
                                                            DONALD C. NUGENT
                                                            United States District Judge


DATED:     August 15, 2008